UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL K. MONKO,

                              Plaintiff,

v.                                                    9:11-CV-1218
                                                     (GTS/TWD)

ROBERT CUSACK, Corrections Officer,
Shawangunk Correctional Facility; and
GERALD GARDNER, Corrections Lieutenant,
Shawangunk Correctional Facility,

                              Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

DANIEL K. MONKO, 87-A-4441
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN                     KEVIN P. HICKEY, ESQ.
Attorney General for the State of New York           Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court in this *pro se* prisoner civil rights action, filed by Daniel K. Monko ("Plaintiff") against the two above-captioned New York State correctional employees ("Defendants"), are (1) Defendants' motion for summary judgment, (2) United States Magistrate Judge Therese Wiley Dancks' Report-Recommendation recommending that Defendants' motion be granted, (3) Plaintiff's Objection to the Report-Recommendation, and (4) Defendants' Objection to the Report-Recommendation (requesting that the Report-Recommendation be

adopted based, in the alternative, on Defendants' causation argument). (Dkt. Nos. 28, 36, 38, 39.) For the reasons set forth below, Plaintiff's Objection is rejected; Defendants' Objection is accepted; the Report-Recommendation is accepted and adopted; Defendants' motion is granted for the reasons stated in the Report-Recommendation as well as in Defendants' Objection; and Plaintiff's Complaint is dismissed in its entirety.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Amended Complaint**

   Generally, in his Amended Complaint, Plaintiff asserts the following claims: (1) a claim that Defendant Cusack retaliated against Plaintiff in violation of the First Amendment by filing two false misbehavior reports against him in response to his complaints to Defendant Cusack's supervisor (Corrections Sergeant Lutz) that he (Plaintiff) was not provided with contraband receipts when Defendant Cusack confiscated food items from his cell; (2) a claim that Defendant Gardner similarly retaliated against Plaintiff in violation of the First Amendment by failing to take steps (as a supervisor and hearing officer) to rectify Defendant Cusask's issuance of false misbehavior reports and by finding him guilty at the disciplinary hearings despite the clear and convincing evidence of his innocence; and (3) and a claim that Defendant Gardner denied Plaintiff due process under the Fourteenth Amendment by finding him guilty of both misbehavior charges despite the clear and convincing evidence of his innocence and the misbehavior reports' retaliatory nature. (Dkt. No. 12.) Familiarity with the factual allegations supporting these claims in the Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

   B.   **Parties' Briefing of Defendants' Motion for Summary Judgment**

   Because the parties have demonstrated an accurate understanding of their arguments on Defendants' motion for summary judgment, the Court will not repeat those arguments in this

Decision and Order, which (again) is intended primarily for the review of the parties.

C. **Magistrate Judge Dancks' Report-Recommendation**

Generally, in her Report-Recommendation, Magistrate Judge Dancks recommends that Defendants' motion be granted and Plaintiff's Complaint be dismissed for the following reasons: (1) Plaintiff has failed to adduce admissible record evidence from which a rational fact finder could conclude that he experienced a sufficiently serious adverse action to support a retaliation claim against either Defendant, because the loss of privileges for thirty-six days is *de minimus*; and (2) Plaintiff has failed to adduce admissible record evidence from which a rational fact finder could conclude that he possessed a protected liberty or property interest to support a procedural due process claim against Defendant Gardner, because the loss of privileges for thirty-six days is not an atypical and significant hardship in relation to the ordinary incidents of prison life. (Dkt. No. 36.) Familiarity with the particular findings and conclusions supporting these recommendations is assumed in this Decision and Order, which (again) is intended primarily for the review of the parties. (*Id.*)

D. **Parties' Objections to the Report-Recommendation**

Generally, in his Objection to the Report-Recommendation, Plaintiff asserts the following two arguments: (1) Plaintiff has established a retaliation claim under the First Amendment, because a similarly situated individual of ordinary firmness would be deterred from exercising his constitutional rights by (a) the mere *threat* of receiving a false misbehavior report and/of (b) a resulting loss of privileges for thirty-six days (as evidenced by the affidavit of Plaintiff's fellow inmate in the Special Housing Unit, Timothy Vail); and (2) contrary to Magistrate Judge Danck's characterization of Plaintiff's due process claim as being procedural in nature, it is actually substantive in nature, as evidenced by the word "substantive" in his Amended Complaint. (Dkt. No. 38.)

Generally, in their Objection to the Report-Recommendation, Defendants argue that, while the Report-Recommendation properly recommends that Defendants' motion be granted (for the reasons stated therein), the Report-Recommendation neglects to address, and endorse, Defendants' alternative argument for dismissal of Plaintiff's retaliation claim: that Plaintiff has failed to adduce admissible record evidence from which a rational fact finder could conclude that there was a causal connection between the protected speech and the adverse action. (Dkt. No. 39.) Defendants argue that Plaintiff's conduct would have resulted in the issuance of a misbehavior report regardless of whether Plaintiff complained to the area supervisor. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

4

evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.     **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Dancks correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 36, at Part III.A.)   As a result, this standard is incorporated by reference in this Decision and Order.

### III.  ANALYSIS

After carefully reviewing all of the papers in this action (including Magistrate Judge Dancks' Report-Recommendation, and Plaintiff's objection thereto), the Court concludes that the

---

[5]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Report-Recommendation is free of error: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 36.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (*Id*.) The Court would only add the following two points.

First, regarding the causation argument asserted by Defendants in their Objection, the Court agrees with Defendants that, based on the current record evidence, there is no genuine dispute that Plaintiff's continuation and escalation of his conduct would have resulted in the issuance of misbehavior reports regardless of whether Plaintiff complained to the area supervisor. (Dkt. No. 39, at 2.) Indeed, Plaintiff expressly invited the misbehavior reports as a way of forcing Defendant Cusack to identify the disciplinary rule(s) that he believed Plaintiff was violating by keeping food items in his cell. (Dkt. No. 35, at ¶ 24.)

Second, regarding the substantive due process argument asserted by Plaintiff in his Objection, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 272-73 (1994). Here, because Plaintiff's substantive due process claim overlaps both his procedural due process claim and his retaliation claim, it must be dismissed. *See Rother v. NYS Dept. of Corr. and Cmty. Supervision*, 12-CV-0397, 2013 WL 4774484, at *14 (N.D.N.Y. Sept. 4, 2013) (Kahn, J.) ("Plaintiff's substantive-due-process claim overlaps entirely with her procedural-due-process claim–they both seek to remedy the same harm and challenge the same conduct. . . . Moreover, the harm and conduct challenged by the substantive-due-process, First Amendment, and equal-protection claims significantly overlap. Because the claim for substantive due process is subsumed by Plaintiff's other constitutional

claims, it must be dismissed."); *Velez v. Levy*, 274 F. Supp.2d 444, 454 (S.D.N.Y.2003) ("[T]o the extent that the plaintiff's substantive due process claim is based on the same allegations that give rise to the plaintiff's Fourteenth Amendment procedural due process claims, the underlying allegations must be analyzed under the relevant standards for a procedural due process claim, . . . rather than standards that govern a claim for substantive due process."), *aff'd in part*, 401 F.3d 75 (2d Cir. 2005).[7]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 36) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 12) is **DISMISSED** in its entirety. The Clerk is directed to enter judgment in favor of the defendants and close this case.

Dated: September 27, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[7] The Court notes that, even if it were to assume that Plaintiff had asserted an independent substantive due process claim, the Court is unable to find admissible record evidence establishing that the state action was arbitrary in the constitutional sense.